In the Matter of Gary H. GREEN, Debtor.

OVEN SYSTEMS, INC., Plaintiff,

v.

AMERICAN BANK OF TARKIO, Sunnen Products Company, and Gary H. Green, Defendants.

Bankruptcy No. 80–00620–SJ–13.
Adv. No. 80–0207–SJ–13.

United States Bankruptcy Court,
W. D. Missouri,
St. Joseph Division.

Feb. 9, 1981.

Todd A. Nielsen and James F. Ralls, Jr., Kansas City, Mo., for Oven Systems, Inc.

---

James H. Thompson, Jr., Kansas City, Mo., for Gary H. Green.

J. W. Roberts, St. Joseph, Mo., for American Bank of Tarkio and Sunnen Products.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DENYING COMPLAINT

DENNIS J. STEWART, Bankruptcy Judge.

The complaint of the plaintiff requests relief in the form of an order directing reclamation of an electrically heated top-loading batch oven, serial number 1971, together with all attachments and accessories or, "in the alternative, to order the (debtor) to assume or reject the lease."

Formerly, under the date of November 6, 1980, this court issued its order directing the parties to show cause in writing why the complaint should not be dismissed without prejudice as moot. Therein, the following observations were made:

"Under the provisions of the plan of arrangement under chapter 13 which has been filed herein by the debtor, it appears that the debtor proposes to make monthly payments according to the contract until the sum of $1,185.24 is fully paid. Otherwise, the debtor admits that he is $1,790.16 in arrears in payments. This arrearage he proposes to make up by means of priority payments under the plan until the sum of $1,790.16 is fully paid.

"It thereby appears that the debtor proposes to pay the full sum due to the plaintiff herein and that this is the same as accepting the contract. Under these conditions, it appears that the complaint for reclamation, or, alternatively, for assumption of the lease, should be denied as moot. For payment of the payments due in full is tantamount to assumption of the lease."

In its response to that order, however, the plaintiff stated that, currently, the amount of $3,281.96 was due and owing under the lease and that "(m)onthly payments which will become due under the lease until fully paid, not including the arrearage, total ... $2,685.24 ..., which is greater than the amount referred to in the court's order of November 6, 1980." Further, it is claimed that no payment has been made since November 30, 1979, and that, even if the lease were assumed, it "expires on July 25, 1981."

Therefore, on November 20, 1980, this court directed the defendants to show cause in writing within 12 days why the complaint for reclamation should not be granted. Only the debtor Green responded to the show cause order, stating materially as follows:

"... (T)he maximum amount that can be claimed by the plaintiff is ... $4,475.40 ... $4773.76 less $298.36.

"The Amended Plan listed the arrears at ... $1,790.16 ... and the future payments at ... $2,685.24 ... for total due of the ... $4,475.40.

"The debtor, however, contends that he is entitled to a ... $1,500 ... credit and has, therefore, filed an objection to the claim of plaintiff ... Debtor bases his contention upon an agreement between debtor and plaintiff entered into on August 29, 1977 ..."

In comparing the averments contained in the response of the plaintiff with that of the defendant Gary Green, it appeared that material factual issues existed with respect to the issue of the balance due to the plaintiff (as well as the amount of arrearage and prospective payments) and also the issue of whether the defendant Gary Green might lawfully claim the deductions of $298.36 and $1,500.

Therefore, by its order entered herein on January 22, 1981, this court set a hearing to resolve the factual issues for February 5, 1981, at which time the plaintiff appeared by counsel and the defendant Gary Green also appeared by counsel and there were no other appearances. In the course of the hearing then conducted, counsel for the plaintiff admitted in open court that the deduction of $298.36 was proper inasmuch as a "draft" existed, payment through which could be commanded forthwith.

On the issue of whether the debtor had the right to claim another deduction of $1500, the debtor placed reliance upon the provisions of a letter dated August 29, 1977, from Edward S. Napoleon, executive vice president of Oven Systems, Inc., to Gary Green pertinently stating that:

> "We offered to provide you with a $1500 credit to be applied at the end of your lease payments to C.I.T. assuming that you maintain your payment account with them in a current condition. In other words, when the residual value of the oven remaining lease payments has been reduced to $1500 balance as a result of your ongoing monthly payments, we guarantee we will pay C.I.T. the last $1500."

According to the stipulation filed by the parties, as agreed by counsel, however, the payments of the debtor to C.I.T. were not maintained "current" from and after August 29, 1977. Therefore, under the express and unambiguous provisions of the letter of August 29, 1977, the debtor is not entitled to the $1500 deduction.

At the hearing of February 5, 1981, counsel for the plaintiff agreed that the balance due, exclusive of the $298.36 which is deductible, is $4,475.40, payable as arrearages in the sum of $1,790.16 and as prospective payments in the sum of $2,685.24, as the debtor proposes to pay the amounts according to his plan of reorganization. Because the debtor, therefore, proposes to pay the amounts due to the plaintiff according to the contract rate and to make up the arrearages within a reasonable time, the complaint for reclamation should be denied. "(W)here the creditor's security will not be impaired by a stay, the creditor may be stayed from foreclosing on appropriate conditions to cure defaults and maintain payments on his claim to the extent that it is secured ... Under similar circumstances and on similar conditions a secured creditor's reclamation petition may be denied." 15 Collier on Bankruptcy para. 13–401.01, pp. 13–401–4, 13–401–5 (1978). If the payments are not in fact made as proposed by the debtor, the plaintiff may seek to have his chapter 13 plan dismissed.

Accordingly, it is hereby

ADJUDGED that the complaint herein for reclamation be, and it is hereby, denied.